**SCHLEGLE & SONS PRINTING, a corporation, Plaintiff,**

v.

**UNITED ENGLISH BREEDERS & FANCIERS ASSOCIATION, INC., an Indiana corporation, Robert Hardison, and Daniel Kinsolving, Defendants.**

No. 87–1282.

United States District Court, C.D. Illinois, Peoria Division.

March 30, 1988.

Carl W. Telford and Scott Guido, LaSalle, Ill., for plaintiff.

Larry M. Leiken, El Paso, Ill., for United English Breeders.

Ned Leiken, Minonk, Ill., for Robert Hardison.

## ORDER

MIHM, District Judge.

Defendant United English Breeders & Fanciers Association, Inc. (hereinafter referred to as "the Breeders Association"), filed a Petition for Removal from state court pursuant to 28 U.S.C. § 1441. Because the Court finds that removal is improper in this case, the Court remands this case to state court.

The facts which are relevant to this petition are as follows: Plaintiff originally filed a three count complaint on December 5, 1985 in Bureau County, Illinois, against the Breeders Association (identifying it at the time as an unincorporated association), Robert Hardison, a Kentucky resident, and Daniel Kinsolving, a resident of Illinois. On March 2, 1987, a judgment of default was entered against Defendant Kinsolving by the state court judge, and a citation to discover assets was later issued by the same state court. Both Hardison and the Breeders Association entered special and limited appearances objecting to jurisdiction.

Although the Breeders Association is an Indiana corporation, in Count I of Plaintiff's complaint, it is incorrectly named as an unincorporated association. Both Kinsolving and Hardison were served with the complaint, but service of the original complaint upon the Breeders Association was never obtained. On August 14, 1987, Plaintiff filed a new count, Count IV, against the Breeders Association only. Count IV correctly names the Breeders Association as a corporate entity. It is on the basis of this new count that the Breeders Association seeks removal.

While the Breeders Association acknowledges that Defendant Kinsolving is an Illinois resident, and would therefore destroy diversity in this case, the Breeders Association urges that this Court is to determine diversity jurisdiction as of the time of the filing of the cause of action which is the basis for removal. Petitioner notes that Kinsolving had been defaulted on March 2, 1987 and that Count IV of Plaintiff's complaint was not filed until August 14, 1987. Thus, the Breeders Association argues that Kinsolving is, at best, a nominal party Defendant in this cause of action and should be disregarded in determining jurisdiction for diversity purposes.

The Court, however, does not find that Kinsolving is a nominal party. Although Defendant Kinsolving has been defaulted, this Court would nevertheless have to enforce the default judgment against him. The existence of a citation to discover assets in state court is evidence of the fact that Kinsolving is not merely a Defendant in name only.

Although 28 U.S.C. § 1446(b) allows removal of cases within 30 days of the Defendant's receipt of an amended pleading

from which it may first be ascertained that the case is one which is or has become removable, this case was not removable at its inception, and it has not become removable. When Plaintiff first filed its complaint in state court, complete diversity did not exist, for both Plaintiff and Defendant Kinsolving are Illinois residents. Following the filing of amended Count IV, complete diversity still does not exist. Plaintiff and one of the Defendants, Defendant Kinsolving, are still parties to this lawsuit. The Breeders Association makes no argument that this case involves a federal question, and it is clear to the Court that the cause of action alleged in Plaintiff's complaint, breach of contract, is not based upon federal law. Consequently, there is no basis for removal of this case under 28 U.S.C. § 1441(a).

■ At oral argument, the Breeders Association appeared to argue that this case is properly removable pursuant to 28 U.S.C. § 1441(c). That section provides as follows:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(c). The Breeders Association appears to argue that Count IV is such a "separate and independent claim or cause of action," and that, because complete diversity exists with respect to it, the entire case may be removed pursuant to § 1441(c). Yet, a reading of the complaint in its entirety indicates that § 1441(c) is inapplicable in this case. Count IV, the basis of the Breeders Association's petition for removal, is virtually identical to Count I of the original complaint. The only difference between the two counts is that Count IV correctly names the Breeders Association as a corporation, as opposed to the incorrect designation of petitioner as an unincorporated association in Count I, and

a slight difference in the amount of damages requested. Moreover, both Count I and Count IV are intimately related to Counts II and III. Indeed, all counts arise from the same series of transactions and occurrences. Wright, Miller, and Cooper state that in only one situation could legitimate joinder under usual state joinder rules produce a claim or cause of action removable under the Supreme Court's interpretation of § 1441(c). C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3724 (2d Ed. 1985). That situation is described by this authority as follows:

> Assume that a California plaintiff brings suit in California state court and properly joins a California defendant and a Texas defendant. Plaintiff then adds an *entirely unrelated* claim against the Texas defendant. The Texas defendant could remove under § 1441(c).

*Id.* (Emphasis added). Unlike the situation described above, Count IV is not "entirely unrelated" to Plaintiff's original complaint. Thus, this is not one of those unique situations in which removal is proper under § 1441(c).

Denying the petition for removal in this case is not only the correct result as a statutory matter; it is also an equitable one. Had Plaintiff correctly named Defendant Breeders Association as a corporation · in the original complaint, this case would not have been removable. Substantively, Count IV works no changes on Plaintiff's cause of action. The mere fact that Plaintiff mistakenly named the Breeders Association as an unincorporated association in its original complaint and later corrected that error does not make an otherwise non-removable case a removable one. For this reason, and for the reasons stated above, the Court hereby remands this case to the Circuit Court of the Thirteenth Judicial Circuit, Bureau County, Illinois.